IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS F. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-3117-SSA-CV-S-WAK |
| ) | |
| JO ANNE B. BARNHART, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Claimant Dennis Taylor seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. He claims he became disabled beginning in April 2001 due to arthritis, fractures and anxiety-related disorder. The parties' briefs were fully submitted, and on December 19, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Dennis Taylor was born in 1962 and has an eighth-grade education. At the time of the administrative hearing, he did not have a valid driver's license. He served for one year in the United States Army and has held a number of relatively short-term jobs, including janitor, floor stripper, dishwasher, order picker, shipping order clerk, sewer pipe cleaner and laborer.

Case 6:06-cv-03117-WAK    Document 16    Filed 12/20/06    Page 2 of 4

He claims disability based on a variety of conditions. He states he has lower back pain that radiates down both legs, side effects from his medications, anxiety and panic attacks, and post traumatic stress disorder. He says he is depressed and has problems sleeping.

Claimant indicates he lives with his son and that he engages in limited daily activities that include cooking and washing dishes on some days. He does not do the laundry and states that he spends most of his day lying down or just sitting.

After considering the evidence, the Administrative Law Judge (ALJ) found claimant had "discogenic and degenerative disorders of the spine, obesity, affective disorder, history of degenerative joint disease, fractures of the face, foot, and toe, and history of a substance abuse disorder." (Tr. 26.) The ALJ did not find Taylor's allegations to be totally credible and ultimately found that Taylor had the residual functional capacity to perform a significant range of work in the light exertional level with some limitations. The ALJ listed routing clerk and slicing machine operator as examples of jobs within Taylor's abilities.

Taylor asserts the ALJ erred in not giving sufficient weight to the opinion of his treating physician, Floyd Simpson, D.O., and to the diagnoses in the records from the Veterans Administration facilities. Further, claimant states the ALJ erred in his assessment of the medical evidence and in his credibility findings.

The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data. Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)). In this case, the ALJ found Dr. Simpson's opinion to be "contrary to other substantial evidence of record" and gave Dr. Anderson's opinion more weight.

Dr. Anderson conducted a one-time clinical psychological evaluation at the request of Disability Determinations in September 2002. Dr. Simpson treated claimant in July and August 2004, and his medical source statement reflected his opinion of claimant's condition at that time. The VA medical records document fairly regular treatment in 2003 and 2004 for depression, anxiety and a personality disorder and on a number of occasions assess a GAF of 31. Those VA records appear to have been largely ignored by the ALJ, and the ALJ did not do an adequate job

3

of explaining what substantial evidence in the record led him to discount the treating physician's opinion.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605.

In this case, there is not substantial evidence based upon the record as a whole to support the ALJ's decision. Substantial evidence supports Dr. Simpson's opinion, and claimant's subjective complaints are not inconsistent with his medical and psychiatric treatment or his daily activities.

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for an award of benefits.

Dated this 20th day of December, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge